**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JEFFREY COHEN #58021-037, in his personal   *
  capacity and as sole shareholder of RB
  Entertainment Ventures, LLC            *

Plaintiff                             *

v                                 *         Civil Action No. ELH-16-2943

WILLIAM D. QUARLES, Jr., United States  *
  District Judge
                                  *
Defendant

                        ***

## MEMORANDUM

Plaintiff Jeffrey Cohen, currently incarcerated at the Federal Correctional Institution-Hazelton in Bruceton Mills, West Virginia, has filed a Complaint for Declaratory Relief against Defendant William D. Quarles, Jr., a retired member of this Bench. ECF 1. In addition to his Complaint, which Cohen filed on behalf of himself and as sole shareholder in RB Entertainment Ventures, LLC., Cohen submitted a lengthy memorandum (ECF 1-2) and a Motion for Leave to File in Forma Pauperis ("IFP"). ECF 2. His IFP motion shall be granted, subject to partial fee payments mandated by 28 U.S.C. §1915(b)(1).

The matters alleged in the Complaint are intertwined with events culminating in Cohen's current incarceration. On June 5, 2015, during a jury trial at which Judge Quarles was presiding, Cohen decided to plead guilty to charges of wire fraud, aggravated identity theft, false statements, and obstruction of justice (threatening an attorney). *See United States v. Cohen*, 14-0310 (D. Md.) (ECF 385; ECF 389). Cohen's Complaint in this case appears to call into question the trial court's reliance at sentencing on the Government's construction of the offenses (resulting in the sentence imposed), rather than Cohen's interpretation of the plea agreement

which, Cohen submits, would have resulted in "an offense level commensurate with a maximum sentence of only six months." ECF 1-2 at 4.  In other words, the Complaint appears to challenge Cohen's plea agreement and the resulting sentence of 444 months, imposed by Judge Quarles on December 10, 2015.  *See United States v. Cohen,* 14-0310 (D. Md.) (ECF 590; ECF 594).

The request for declaratory judgment turns on Cohen's argument that Judge Quarles knowingly violated Cohen's due process rights.  Cohen asks that this court "prevent[] any further use of . . . false and misleading information." ECF 1 at 3.  He also states that his Complaint "is not a request for relief pursuant to U.S.C. § 1983" and is not intended to "impugn the conviction in the criminal matter" or "provide an immediate or speedier release from confinement…" ECF 1 at 2-3.

Cohen's Complaint is an improper invocation of the Declaratory Judgment Act, 28 U.S.C. § 2201.  "The Declaratory Judgment Act of 1934 . . . is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952); *see Ellis v. Louisiana-Pacific Corp.*, 699 F.3d 778, 788 (4th Cir. 2012).  And, although "this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations," *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937), the circumstances surrounding the instant case militate against allowing a declaratory judgment action to proceed.  As the Fourth Circuit said in *Aetna*, *id.*, the court's discretion

> should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction.  The object of the statute is to afford a new form of relief where needed . . . .

*See also* Jud. Code, Sec. 274d, 28 U.S.C.A. 400.

The proper forum for Cohen to attack his guilty plea and resulting sentence is in the United States Court of Appeals for the Fourth Circuit.  Indeed, his appeal is currently pending in that court.  *See* Docket.

I decline to exercise my discretion to entertain the claim for declaratory relief.  The Complaint will be dismissed by separate Order, which follows.


August 31, 2016                                        _____/s/_____
Date                                                             Ellen L. Hollander
                                                                    United States District Judge